IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PHILLIPS SOIL PRODUCTS, INC.,
an Oregon corporation,                    3:18-cv-00263-BR

        Plaintiff,                        OPINION AND ORDER

v.

LESLIE DUTY HEINTZ; JUSTIN
TYME HEINTZ; and TIER 1
EXCAVATING, LLC, an Oregon
Limited Liability Company,

        Defendants.

WILLIAM A. KINSEL
Kinsel Law Offices, PLLC
2401 Fourth Ave., Suite 850
Seattle, WA, 98121
(206) 706-8148

        Attorney for Plaintiff

PHILIP J. NELSON
KEITH A. PITT
Slinde Nelson
111 S.W. Fifth Ave., Suite 1940
Portland, OR 97204
(503) 417-777

        Attorneys for Defendants

BROWN, Senior Judge.

    This matter comes before the Court on the Rule 12 Motions

(#15) Against Plaintiff's Complaint filed by Defendants Leslie

Duty Heintz, Justin Tyme Heintz, and Tier 1 Excavating, LLC.

For the reasons that follow, the Court **GRANTS** Defendants' Rule 12 Motions (#15) against Plaintiff's RICO claim, **DISMISSES** Plaintiff's RICO claim, and **GRANTS** Plaintiff leave to file **no later June 1, 2018**, an amended complaint as to Plaintiff's RICO claim solely to cure the deficiencies as set out in this Opinion and Order. Defendants' response to the amended complaint is due **no later than June 15, 2018.** The Court declines to address those parts of Defendants' Motions against the state-law claims at this stage without prejudice to Defendants' right to renew such challenges.

## BACKGROUND

The following pertinent facts are taken from Plaintiff's Complaint:

Plaintiff Phillips Soil Products, Inc., is an Oregon corporation that sells soil products throughout the western United States. Leslie Heintz was employed by Plaintiff from September 24, 2012, through February 29, 2016, in Plaintiff's accounting department and was responsible for tracking accounts receivable, cash receivables, and accounts payable; balancing Plaintiff's bank accounts; and making daily bank deposits.

Leslie Heintz is married to Justin Heintz. Justin Heintz is a principal of Tier 1 together with his father, Jeffrey Heintz. Tier 1 is an excavating company with its principal place of

business in Oregon.  Leslie Heintz also provided part-time administrative, billing, and bookkeeping services to Tier 1 during the time she was employed by Plaintiff.  Leslie and Justin Heintz "reside on real property owned by" Jeffrey Heintz and pay rent to Jeffrey Heintz.

Plaintiff alleges during the time it employed Leslie Heintz she manipulated her timekeeping records to reflect overtime hours not actually worked; charged Plaintiff for vacation and sick-leave hours not earned; and paid herself for vacation, sick leave, and hourly compensation not earned.  Plaintiff also alleges Leslie Heintz misused a company credit card, misused company property including a cell phone and computer, performed work for Tier 1 during "company time," and maintained records for Tier 1 on her work computer.  Plaintiff alleges Leslie Heintz took unauthorized "draws" by issuing checks to herself without permission.  Plaintiff also alleges Leslie Heintz took cash receipts obtained by Plaintiff from its customers, purchased money orders with the receipts from Western Union, and sent the money orders by United Parcel Service to a personal bank account in another state held jointly with her husband.  Plaintiff alleges these stolen funds were used to pay Leslie and Justin Heintz's personal expenses, including payment of rent to Jeffrey Heintz.  Plaintiff also alleges the funds were used to pay expenses for Tier 1 and to fund its business activities.  In addition, Plaintiff alleges Leslie Heintz engaged in a "widespread and complicated pattern of repeated re-allocations of

the general ledger account to which expenses and income were allocated" for the purpose of concealing her thefts and "to affirmatively misrepresent" Plaintiff's financial condition.

On February 29, 2016, Plaintiff terminated Leslie Heintz's employment.

On February 9, 2018, Plaintiff filed a Complaint in this Court against Defendants alleging a federal claim for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(a)-(d), and state-law claims of civil conspiracy, fraud, conversion, breach of fiduciary duty, and for an accounting.

**STANDARDS**

To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint is based on facts that are "merely consistent with" a

defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Federal Rule of Civil Procedure 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its

authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP,
Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded by statute on
other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676
(9th Cir. 2006)).


## **DISCUSSION**

### I.  **Federal RICO Claim**

Defendants contend Plaintiff fails to state a plausible
federal claim under RICO.

#### A.  **Standards**

18 U.S.C. § 1962 provides:

> (a) It shall be unlawful for any person who has
> received any income derived, directly or
> indirectly, from a pattern of racketeering
> activity or through collection of an unlawful debt
> in which such person has participated as a
> principal . . . to use or invest, directly or
> indirectly, any part of such income, or the
> proceeds of such income, in acquisition of any
> interest in, or the establishment or operation of,
> any enterprise which is engaged in, or the
>
> activities of which affect, interstate or foreign
> commerce.
>
> (b) It shall be unlawful for any person through a
> pattern of racketeering activity or through
> collection of an unlawful debt to acquire or
> maintain, directly or indirectly, any interest in
> or control of any enterprise which is engaged in,
> or the activities of which affect, interstate or
> foreign commerce.
>
> ©) It shall be unlawful for any person employed by
> or associated with any enterprise engaged in, or
> the activities of which affect, interstate or
> foreign commerce, to conduct or participate,

directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or © of this section.

The four subsections of 18 U.S.C. § 1962 proscribe certain conduct with respect to racketeering activity.

A plaintiff must plead four elements to state a RICO violation: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C. § 1962©). *See also Eclectic Prop. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)(quoting *Sedima S.P.R.L. v. Imrex Corp.*, 473 U.S. 479, 496-97 (1985)). "Enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as including any act "indictable" under certain enumerated federal criminal statutes. "Pattern of racketeering activity" requires "at least two acts of racketeering activity." 18 U.S.C. § 1961(5).

## B. Analysis

Defendants contend Plaintiff fails to state a plausible claim under any of the RICO provisions.

## 1. Section 1962(a)

Section 1962(a) makes it "unlawful for any person who has received any income derived . . . from a pattern of racketeering activity . . . to use or invest . . . any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of" an enterprise.

To state a claim under § 1962(a) a plaintiff must allege facts that establish the following:  (1) a person received income derived directly or indirectly from a pattern of racketeering activity or unlawful debt; (2) that person used or invested, directly or indirectly, any part or proceeds of such income in the acquisition of any interest in or the establishment or operation of any enterprise; and (3) the enterprise engaged in or its activities affect interstate or foreign commerce.  *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 455 (2006).

A plaintiff who seeks civil damages for a violation of § 1962(a) must allege facts "tending to show that he or she was injured by the use or investment of racketeering income" and "that the investment of the racketeering income was the proximate cause" of the plaintiff's injury.  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008.) "Reinvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient."  *Id.*

Defendants contend Plaintiff has not alleged any

plausible injury or damages pursuant to § 1962(c) arising from the investment or racketeering income that was the proximate cause of Plaintiff's injury and beyond any alleged injury purportedly flowing from the underlying predicate acts themselves.

In addition to damages directly resulting from the predicate acts, Plaintiff contends it sustained injury proximately caused by Defendants' "misappropriation of Leslie Heintz's labor and of [Plaintiff's] other corporate resources for the establishment and ongoing operation of Tier 1," and these damages were proximately caused by Leslie Heintz's misappropriation of funds and resulted in injury to Plaintiff sufficient to satisfy the requirements of § 1962(a).

Defendant cites to *Sybersound* to support their position that Plaintiff has not stated a plausible RICO claim. In *Sybersound* the plaintiff, a karaoke record producer, brought RICO and copyright-infringement claims against its competitors. Sybersound alleged in its RICO claim that the defendants engaged in certain predicate acts that resulted in the defendants' higher profits from the sale of their records the defendants then used to unfairly reduce prices to undercut Sybersound's sales. The court concluded Sybersound's injury stemmed from the alleged copyright infringement that allegedly allowed the defendants to undercut Sybersound's prices rather than the income from the sale of the pirated records. 517 F.3d 1137, 1149 (9th Cir. 2008). Accordingly, the court found Sybersound failed to allege a claim

pursuant to § 1962(a)

Here Plaintiff alleges Leslie Heintz engaged in acts of fraud to obtain $71,995.03 from Plaintiff; committed the predicate acts of mail fraud, wire fraud, and money laundering; and used the misappropriated funds to pay rent and to fund the operation of Tier 1.  Plaintiff also alleges Leslie Heintz performed work for Tier 1 during her regular work hours as Plaintiff's employee, and the cost of Leslie Heintz's "misappropriated labors" and unauthorized use of company resources resulted in damages that Plaintiff estimates to be approximately $23,258.15.

The record reflects, however, that Plaintiff's alleged injuries flow directly from Leslie Heintz's fraudulent conduct, breach of fiduciary duty, and/or conversion of Plaintiff's property rather than from either the predicate acts or the use or investment of "racketeering income."

On this record the Court concludes Plaintiff fails to allege a plausible claim under § 1962(a).

**2.    Section 1962(b)**

Section 1962(b) provides it is unlawful "to acquire or maintain . . . any interest in or control of" an enterprise "through a pattern of racketeering activity."

To state a claim under § 1962(b), a plaintiff must allege (1) the defendant's activity led to its control or acquisition over a RICO enterprise and (2) an injury to the plaintiff resulted from the defendant's control or acquisition of

a RICO enterprise.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003), *overruled on other grounds, Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007).

"To adequately allege proximate causation under § 1962(b), a plaintiff must allege an injury from the defendant's acquisition or control of an interest in a RICO enterprise separate from an injury flowing from the racketeering activity itself."  *MH Pillars Ltd. v. Realini*, No. 15-cv-01383, 2018 WL 1184847, at *8 (N.D. Cal. 2018).

Defendants contend Plaintiff has not alleged any injury proximately caused by Defendants' conduct pursuant to § 1962(b).

Plaintiff, in turn, contends it may be considered an enterprise for purposes of § 1962(b), and Leslie Heintz "infiltrated" Plaintiff causing "a separate and distinct disruption to the company itself."  Plaintiff relies on *Lightning Lube, Inc. v. Witco Corp.*, a Third Circuit case, to support its position.

In *Lightning Lube* the plaintiff-franchisor brought an action against a motor-oil supplier and alleged, among other claims, a violation of RICO.  The Third Circuit affirmed the supplier's motion for judgment as a matter of law and noted the injury necessary to recover under § 1962(b) may be shown when "the owner of an enterprise infiltrated by the defendant as a result of racketeering activities is injured by the defendant's *acquisition or control* of his enterprise."  4 F.3d 1153, 1190 (3d

Cir. 1993)(emphasis added).

Here although Leslie Heintz's conduct may have caused injury to Plaintiff, it has not alleged Leslie Heintz's actions led to the "control" or acquisition of Plaintiff by Leslie Heintz or Defendants. As noted, the injuries caused by Leslie Heintz allegedly resulted from her fraudulent conduct, breach of fiduciary duty, and/or conversion of Plaintiff's property rather than from her control of the company.

On this record the Court concludes Plaintiff has not alleged any injury other than the alleged economic loss flowing from the racketeering activity and, accordingly, fails to state a plausible claim under § 1962(b).

### 3. Section 1962(c)

Section 1962(c) provides it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

As noted, to state a claim under § 1962(c) a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Odom* v. Microsoft, 486 F.3d 541, 547 (9th Cir. 2007). In addition, a plaintiff must establish there is an enterprise "separate and apart from" the pattern of racketeering. *Id*. at 549-50. An enterprise includes any "individual, partnership, corporation,

association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A conspiracy, however, is not a RICO enterprise. *Rotec Indus., Inc. v. Mitsubishi Corp.*, 163 F. Supp. 2d 1268, 1279 (D. Or. 2001), *aff'd*, 348 F.3d 1116 (9th Cir. 2003).

To show the existence of an enterprise under RICO, a plaintiff must plead the enterprise has (A) a common purpose, (B) structure or organization, and (C) longevity necessary to accomplish the purpose. *Boyle v. United States*, 556 U.S. 938, 946 (2009). To establish the existence of an associated-in-fact enterprise a plaintiff must produce both "evidence of an ongoing organization, formal or informal" and "evidence that the various associates function as a continuing unit." *Odom,* 486 F.3d at 552. In other words, a group cannot be an enterprise unless it exists independently from the racketeering activity in which it engages. The enterprise must have a structure for making decisions and mechanisms for controlling and directing the affairs of the group on an on-going basis rather than an *ad hoc* basis.

Defendants contend Plaintiff has not alleged sufficient facts to establish Defendants existed as an "enterprise" that "collectively "functioned as a continuing unit," possessed any "structure for making decisions on an on-

going basis," or existed "independently from the alleged racketeering activity itself."

Plaintiff, however, contends Defendants participated in a pattern of racketeering activity that was aimed at controlling and using Plaintiff ("the victim enterprise") for their benefit, and Defendants' actions were the proximate cause of harm to Plaintiff.

Here Plaintiff alleges Leslie Heintz stole money that she then used to purchase money orders, and she mailed those money orders to a personal bank account that was located in another state and that she jointly owned with her husband. Plaintiff alleges the funds were used by Leslie and Justin Heintz to pay for personal expenses as well as business expenses of Tier 1. Plaintiff also alleges Justin Heintz was a "member" of Tier 1. Plaintiff, however, does not allege facts that show Defendants functioned as a unit or had a structure for making decisions. For example, the allegation that Leslie and Justin Heintz talked about the need for more money for a vacation or expenses does not show a continuing unit or structure for making decisions and does not constitute an enterprise "separate and apart from" the pattern of racketeering.

On this record the Court concludes Plaintiff has not alleged the existence of an "enterprise" that engaged in a pattern of racketeering activity separate and apart from the racketeering activity, and, accordingly, Plaintiff fails to state a plausible claim under § 1962©).

**4.  Section 1962(d)**

Section 1962(d) provides it is unlawful "to conspire to violate any of the provisions of subsection (a), (b), or ©)."

To establish a conspiracy under § 1962(d) Plaintiff must allege either an agreement by Defendants that is a substantive violation of RICO or that the defendants agreed to commit or to participate in two predicate offenses that are violations of RICO.  18 U.S.C. § 1962(d).  A conspiracy claim cannot survive if the substantive claim does not state an action on which relief could be granted.  *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

Here the Court has concluded Plaintiff failed to allege substantive claims pursuant to § 1962(a), (b), or © because Plaintiff has not alleged facts that establish Defendants either expressly or impliedly agreed to engage in conduct that violated RICO.  Accordingly, the Court concludes Plaintiff fails to state a conspiracy claim under § 1962(d).

In summary, on this record the Court concludes Plaintiff has failed to allege facts sufficient to support any plausible RICO claim, and, accordingly, the Court **DISMISSES** Plaintiff's RICO claim.

**II.  Leave to Amend**

In its Response Plaintiff requested the Court to allow Plaintiff to file an amended complaint if the Court dismissed Plaintiff's federal RICO claim.

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment. Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires." This policy is to be applied with "extreme liberality." *Moss v. United States Secret Svc.*, 572 F.3d 962, 972 (9th Cir. 2009). The Ninth Circuit has held "'[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.'" *Johnson v. Lucent Tech., Inc.,* 653 F.3d 1000, 1011 (9th Cir. 2011)(quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)). When a "viable case may be pled, [the court] should freely grant leave to amend." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011). *See also* Fed. R. Civ. P. 15(a). The Ninth Circuit has also made clear, however, that it is within the Court's "'discretion to deny leave to amend when amendment would be futile'" *(Godwin v. Christianson,* 594 F. App'x 427, 428 (9th Cir. 2015)(quoting *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000))); when amendment would cause undue prejudice or undue delay; or when the amendment is requested in bad faith by the movant (*Cafasso,* 637 F.3d at 1058 (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 183, 186 (9th Cir. 1989)).

Accordingly, in the exercise of its discretion, the Court

concludes Plaintiff should be allowed to file an amended complaint to allege, if possible, facts sufficient to state a plausible RICO claim. The Court **DIRECTS** Plaintiff to file such Amended Complaint **no later than June 1, 2018.**

**III. State-Law Claims**

Defendants also contend the Court should dismiss Plaintiff's state-law claims on the ground that they fail to state a claim. In addition, Defendants contend in the event the Court dismisses Plaintiff's federal claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Inasmuch as the Court is dismissing Plaintiff's federal claim with leave to replead, the Court need not address Defendants' challenges to Plaintiff's state-law claims until such time as the Court determines the federal claim will proceed and provide a basis for supplemental jurisdiction over the state-law claims. Thus, the Court declines to address Defendants' Motions against the state-law claims at this stage without prejudice to Defendants' right to renew such challenges in the future.

<u>**CONCLUSION**</u>

For these reasons the Court **GRANTS** Defendants' Rule 12 Motions (#15) against Plaintiff's RICO claim, **DISMISSES** Plaintiff's RICO claim, and **GRANTS** Plaintiff leave to file **no later June 1, 2018**, an amended complaint as to Plaintiff's RICO

claim solely to cure the deficiencies as set out in this Opinion and Order. Defendants' response to any amended complaint is due **no later than June 15, 2018**. The Court declines to address those parts of Defendants' Motions against the state-law claims at this stage without prejudice to Defendants' right to renew such challenges after a basis for supplemental jurisdiction over such claims has been confirmed.

IT IS SO ORDERED.

DATED this 11th day of May, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PHILLIPS SOIL PRODUCTS, INC.,
an Oregon corporation,                          3:18-cv-00263-BR

        Plaintiff,                              OPINION AND ORDER

v.

LESLIE DUTY HEINTZ; JUSTIN
TYME HEINTZ; and TIER 1
EXCAVATING, LLC, an Oregon
Limited Liability Company,

        Defendants.

**WILLIAM A. KINSEL**
Kinsel Law Offices, PLLC
2401 Fourth Ave., Suite 850
Seattle, WA, 98121
(206) 706-8148

        Attorney for Plaintiff

**PHILIP J. NELSON**
**KEITH A. PITT**
Slinde Nelson
111 S.W. Fifth Ave., Suite 1940
Portland, OR 97204
(503) 417-777

        Attorneys for Defendants


**BROWN, Senior Judge.**

    This matter comes before the Court on the Rule 12 Motions

(#15) Against Plaintiff's Complaint filed by Defendants Leslie

Duty Heintz, Justin Tyme Heintz, and Tier 1 Excavating, LLC.

For the reasons that follow, the Court **GRANTS** Defendants' Rule 12 Motions (#15) against Plaintiff's RICO claim, **DISMISSES** Plaintiff's RICO claim, and **GRANTS** Plaintiff leave to file **no later June 1, 2018**, an amended complaint as to Plaintiff's RICO claim solely to cure the deficiencies as set out in this Opinion and Order. Defendants' response to the amended complaint is due **no later than June 15, 2018.** The Court declines to address those parts of Defendants' Motions against the state-law claims at this stage without prejudice to Defendants' right to renew such challenges.

<u>**BACKGROUND**</u>

The following pertinent facts are taken from Plaintiff's Complaint:

Plaintiff Phillips Soil Products, Inc., is an Oregon corporation that sells soil products throughout the western United States. Leslie Heintz was employed by Plaintiff from September 24, 2012, through February 29, 2016, in Plaintiff's accounting department and was responsible for tracking accounts receivable, cash receivables, and accounts payable; balancing Plaintiff's bank accounts; and making daily bank deposits.

Leslie Heintz is married to Justin Heintz. Justin Heintz is a principal of Tier 1 together with his father, Jeffrey Heintz. Tier 1 is an excavating company with its principal place of

business in Oregon.  Leslie Heintz also provided part-time administrative, billing, and bookkeeping services to Tier 1 during the time she was employed by Plaintiff.  Leslie and Justin Heintz "reside on real property owned by" Jeffrey Heintz and pay rent to Jeffrey Heintz.

Plaintiff alleges during the time it employed Leslie Heintz she manipulated her timekeeping records to reflect overtime hours not actually worked; charged Plaintiff for vacation and sick-leave hours not earned; and paid herself for vacation, sick leave, and hourly compensation not earned.  Plaintiff also alleges Leslie Heintz misused a company credit card, misused company property including a cell phone and computer, performed work for Tier 1 during "company time," and maintained records for Tier 1 on her work computer.  Plaintiff alleges Leslie Heintz took unauthorized "draws" by issuing checks to herself without permission.  Plaintiff also alleges Leslie Heintz took cash receipts obtained by Plaintiff from its customers, purchased money orders with the receipts from Western Union, and sent the money orders by United Parcel Service to a personal bank account in another state held jointly with her husband.  Plaintiff alleges these stolen funds were used to pay Leslie and Justin Heintz's personal expenses, including payment of rent to Jeffrey Heintz.  Plaintiff also alleges the funds were used to pay expenses for Tier 1 and to fund its business activities.  In addition, Plaintiff alleges Leslie Heintz engaged in a "widespread and complicated pattern of repeated re-allocations of

the general ledger account to which expenses and income were allocated" for the purpose of concealing her thefts and "to affirmatively misrepresent" Plaintiff's financial condition.

On February 29, 2016, Plaintiff terminated Leslie Heintz's employment.

On February 9, 2018, Plaintiff filed a Complaint in this Court against Defendants alleging a federal claim for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(a)-(d), and state-law claims of civil conspiracy, fraud, conversion, breach of fiduciary duty, and for an accounting.

## STANDARDS

To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint is based on facts that are "merely consistent with" a

defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Federal Rule of Civil Procedure 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its

authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP,
Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded by statute on
other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676
(9th Cir. 2006)).

<strong><u>DISCUSSION</u></strong>

## I.    Federal RICO Claim

Defendants contend Plaintiff fails to state a plausible
federal claim under RICO.

### A.    Standards

18 U.S.C. § 1962 provides:

> (a) It shall be unlawful for any person who has
> received any income derived, directly or
> indirectly, from a pattern of racketeering
> activity or through collection of an unlawful debt
> in which such person has participated as a
> principal . . . to use or invest, directly or
> indirectly, any part of such income, or the
> proceeds of such income, in acquisition of any
> interest in, or the establishment or operation of,
> any enterprise which is engaged in, or the
>
> activities of which affect, interstate or foreign
> commerce.
>
> (b) It shall be unlawful for any person through a
> pattern of racketeering activity or through
> collection of an unlawful debt to acquire or
> maintain, directly or indirectly, any interest in
> or control of any enterprise which is engaged in,
> or the activities of which affect, interstate or
> foreign commerce.
>
> ©) It shall be unlawful for any person employed by
> or associated with any enterprise engaged in, or
> the activities of which affect, interstate or
> foreign commerce, to conduct or participate,

directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or © of this section.

The four subsections of 18 U.S.C. § 1962 proscribe certain conduct with respect to racketeering activity.

A plaintiff must plead four elements to state a RICO violation:  (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  18 U.S.C. § 1962©).  *See also Eclectic Prop. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)(quoting *Sedima S.P.R.L. v. Imrex Corp.*, 473 U.S. 479, 496-97 (1985)).  "Enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as including any act "indictable" under certain enumerated federal criminal statutes.  "Pattern of racketeering activity" requires "at least two acts of racketeering activity."  18 U.S.C. § 1961(5).

## B.  Analysis

Defendants contend Plaintiff fails to state a plausible claim under any of the RICO provisions.

### 1.  Section 1962(a)

Section 1962(a) makes it "unlawful for any person who has received any income derived . . . from a pattern of racketeering activity . . . to use or invest . . . any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of" an enterprise.

To state a claim under § 1962(a) a plaintiff must allege facts that establish the following:  (1) a person received income derived directly or indirectly from a pattern of racketeering activity or unlawful debt; (2) that person used or invested, directly or indirectly, any part or proceeds of such income in the acquisition of any interest in or the establishment or operation of any enterprise; and (3) the enterprise engaged in or its activities affect interstate or foreign commerce.  *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 455 (2006).

A plaintiff who seeks civil damages for a violation of § 1962(a) must allege facts "tending to show that he or she was injured by the use or investment of racketeering income" and "that the investment of the racketeering income was the proximate cause" of the plaintiff's injury.  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008.) "Reinvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient."  *Id.*

Defendants contend Plaintiff has not alleged any

plausible injury or damages pursuant to § 1962(c) arising from the investment or racketeering income that was the proximate cause of Plaintiff's injury and beyond any alleged injury purportedly flowing from the underlying predicate acts themselves.

In addition to damages directly resulting from the predicate acts, Plaintiff contends it sustained injury proximately caused by Defendants' "misappropriation of Leslie Heintz's labor and of [Plaintiff's] other corporate resources for the establishment and ongoing operation of Tier 1," and these damages were proximately caused by Leslie Heintz's misappropriation of funds and resulted in injury to Plaintiff sufficient to satisfy the requirements of § 1962(a).

Defendant cites to *Sybersound* to support their position that Plaintiff has not stated a plausible RICO claim. In *Sybersound* the plaintiff, a karaoke record producer, brought RICO and copyright-infringement claims against its competitors. Sybersound alleged in its RICO claim that the defendants engaged in certain predicate acts that resulted in the defendants' higher profits from the sale of their records the defendants then used to unfairly reduce prices to undercut Sybersound's sales. The court concluded Sybersound's injury stemmed from the alleged copyright infringement that allegedly allowed the defendants to undercut Sybersound's prices rather than the income from the sale of the pirated records. 517 F.3d 1137, 1149 (9th Cir. 2008). Accordingly, the court found Sybersound failed to allege a claim

pursuant to § 1962(a)

Here Plaintiff alleges Leslie Heintz engaged in acts of fraud to obtain $71,995.03 from Plaintiff; committed the predicate acts of mail fraud, wire fraud, and money laundering; and used the misappropriated funds to pay rent and to fund the operation of Tier 1.  Plaintiff also alleges Leslie Heintz performed work for Tier 1 during her regular work hours as Plaintiff's employee, and the cost of Leslie Heintz's "misappropriated labors" and unauthorized use of company resources resulted in damages that Plaintiff estimates to be approximately $23,258.15.

The record reflects, however, that Plaintiff's alleged injuries flow directly from Leslie Heintz's fraudulent conduct, breach of fiduciary duty, and/or conversion of Plaintiff's property rather than from either the predicate acts or the use or investment of "racketeering income."

On this record the Court concludes Plaintiff fails to allege a plausible claim under § 1962(a).

### 2.  Section 1962(b)

Section 1962(b) provides it is unlawful "to acquire or maintain . . . any interest in or control of" an enterprise "through a pattern of racketeering activity."

To state a claim under § 1962(b), a plaintiff must allege (1) the defendant's activity led to its control or acquisition over a RICO enterprise and (2) an injury to the plaintiff resulted from the defendant's control or acquisition of

a RICO enterprise. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003), *overruled on other grounds, Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007).

"To adequately allege proximate causation under § 1962(b), a plaintiff must allege an injury from the defendant's acquisition or control of an interest in a RICO enterprise separate from an injury flowing from the racketeering activity itself." *MH Pillars Ltd. v. Realini*, No. 15-cv-01383, 2018 WL 1184847, at *8 (N.D. Cal. 2018).

Defendants contend Plaintiff has not alleged any injury proximately caused by Defendants' conduct pursuant to § 1962(b).

Plaintiff, in turn, contends it may be considered an enterprise for purposes of § 1962(b), and Leslie Heintz "infiltrated" Plaintiff causing "a separate and distinct disruption to the company itself." Plaintiff relies on *Lightning Lube, Inc. v. Witco Corp.*, a Third Circuit case, to support its position.

In *Lightning Lube* the plaintiff-franchisor brought an action against a motor-oil supplier and alleged, among other claims, a violation of RICO. The Third Circuit affirmed the supplier's motion for judgment as a matter of law and noted the injury necessary to recover under § 1962(b) may be shown when "the owner of an enterprise infiltrated by the defendant as a result of racketeering activities is injured by the defendant's *acquisition or control* of his enterprise." 4 F.3d 1153, 1190 (3d

Cir. 1993)(emphasis added).

Here although Leslie Heintz's conduct may have caused injury to Plaintiff, it has not alleged Leslie Heintz's actions led to the "control" or acquisition of Plaintiff by Leslie Heintz or Defendants. As noted, the injuries caused by Leslie Heintz allegedly resulted from her fraudulent conduct, breach of fiduciary duty, and/or conversion of Plaintiff's property rather than from her control of the company.

On this record the Court concludes Plaintiff has not alleged any injury other than the alleged economic loss flowing from the racketeering activity and, accordingly, fails to state a plausible claim under § 1962(b).

### 3. Section 1962(c)

Section 1962(c) provides it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

As noted, to state a claim under § 1962(c) a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Odom* v. Microsoft, 486 F.3d 541, 547 (9th Cir. 2007). In addition, a plaintiff must establish there is an enterprise "separate and apart from" the pattern of racketeering. *Id*. at 549-50. An enterprise includes any "individual, partnership, corporation,

association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A conspiracy, however, is not a RICO enterprise. *Rotec Indus., Inc. v. Mitsubishi Corp.*, 163 F. Supp. 2d 1268, 1279 (D. Or. 2001), *aff'd*, 348 F.3d 1116 (9th Cir. 2003).

To show the existence of an enterprise under RICO, a plaintiff must plead the enterprise has (A) a common purpose, (B) structure or organization, and (C) longevity necessary to accomplish the purpose. *Boyle v. United States*, 556 U.S. 938, 946 (2009). To establish the existence of an associated-in-fact enterprise a plaintiff must produce both "evidence of an ongoing organization, formal or informal" and "evidence that the various associates function as a continuing unit." *Odom,* 486 F.3d at 552. In other words, a group cannot be an enterprise unless it exists independently from the racketeering activity in which it engages. The enterprise must have a structure for making decisions and mechanisms for controlling and directing the affairs of the group on an on-going basis rather than an *ad hoc* basis.

Defendants contend Plaintiff has not alleged sufficient facts to establish Defendants existed as an "enterprise" that "collectively "functioned as a continuing unit," possessed any "structure for making decisions on an on-

going basis," or existed "independently from the alleged racketeering activity itself."

Plaintiff, however, contends Defendants participated in a pattern of racketeering activity that was aimed at controlling and using Plaintiff ("the victim enterprise") for their benefit, and Defendants' actions were the proximate cause of harm to Plaintiff.

Here Plaintiff alleges Leslie Heintz stole money that she then used to purchase money orders, and she mailed those money orders to a personal bank account that was located in another state and that she jointly owned with her husband. Plaintiff alleges the funds were used by Leslie and Justin Heintz to pay for personal expenses as well as business expenses of Tier 1. Plaintiff also alleges Justin Heintz was a "member" of Tier 1. Plaintiff, however, does not allege facts that show Defendants functioned as a unit or had a structure for making decisions. For example, the allegation that Leslie and Justin Heintz talked about the need for more money for a vacation or expenses does not show a continuing unit or structure for making decisions and does not constitute an enterprise "separate and apart from" the pattern of racketeering.

On this record the Court concludes Plaintiff has not alleged the existence of an "enterprise" that engaged in a pattern of racketeering activity separate and apart from the racketeering activity, and, accordingly, Plaintiff fails to state a plausible claim under § 1962©).

**4.  Section 1962(d)**

Section 1962(d) provides it is unlawful "to conspire to violate any of the provisions of subsection (a), (b), or ©)."

To establish a conspiracy under § 1962(d) Plaintiff must allege either an agreement by Defendants that is a substantive violation of RICO or that the defendants agreed to commit or to participate in two predicate offenses that are violations of RICO.  18 U.S.C. § 1962(d).  A conspiracy claim cannot survive if the substantive claim does not state an action on which relief could be granted.  *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

Here the Court has concluded Plaintiff failed to allege substantive claims pursuant to § 1962(a), (b), or © because Plaintiff has not alleged facts that establish Defendants either expressly or impliedly agreed to engage in conduct that violated RICO.  Accordingly, the Court concludes Plaintiff fails to state a conspiracy claim under § 1962(d).

In summary, on this record the Court concludes Plaintiff has failed to allege facts sufficient to support any plausible RICO claim, and, accordingly, the Court **DISMISSES** Plaintiff's RICO claim.

**II.  Leave to Amend**

In its Response Plaintiff requested the Court to allow Plaintiff to file an amended complaint if the Court dismissed Plaintiff's federal RICO claim.

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment. Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires." This policy is to be applied with "extreme liberality." *Moss v. United States Secret Svc.*, 572 F.3d 962, 972 (9th Cir. 2009). The Ninth Circuit has held "'[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.'" *Johnson v. Lucent Tech., Inc.,* 653 F.3d 1000, 1011 (9th Cir. 2011)(quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)). When a "viable case may be pled, [the court] should freely grant leave to amend." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011). *See also* Fed. R. Civ. P. 15(a). The Ninth Circuit has also made clear, however, that it is within the Court's "'discretion to deny leave to amend when amendment would be futile'" *(Godwin v. Christianson,* 594 F. App'x 427, 428 (9th Cir. 2015)(quoting *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000))); when amendment would cause undue prejudice or undue delay; or when the amendment is requested in bad faith by the movant (*Cafasso,* 637 F.3d at 1058 (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 183, 186 (9th Cir. 1989)).

Accordingly, in the exercise of its discretion, the Court

concludes Plaintiff should be allowed to file an amended complaint to allege, if possible, facts sufficient to state a plausible RICO claim.  The Court **DIRECTS** Plaintiff to file such Amended Complaint **no later than June 1, 2018.**

## III. State-Law Claims

Defendants also contend the Court should dismiss Plaintiff's state-law claims on the ground that they fail to state a claim. In addition, Defendants contend in the event the Court dismisses Plaintiff's federal claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Inasmuch as the Court is dismissing Plaintiff's federal claim with leave to replead, the Court need not address Defendants' challenges to Plaintiff's state-law claims until such time as the Court determines the federal claim will proceed and provide a basis for supplemental jurisdiction over the state-law claims.  Thus, the Court declines to address Defendants' Motions against the state-law claims at this stage without prejudice to Defendants' right to renew such challenges in the future.


<u>CONCLUSION</u>

For these reasons the Court **GRANTS** Defendants' Rule 12 Motions (#15) against Plaintiff's RICO claim, **DISMISSES** Plaintiff's RICO claim, and **GRANTS** Plaintiff leave to file **no later June 1, 2018**, an amended complaint as to Plaintiff's RICO

claim solely to cure the deficiencies as set out in this Opinion and Order.  Defendants' response to any amended complaint is due **no later than June 15, 2018**.  The Court declines to address those parts of Defendants' Motions against the state-law claims at this stage without prejudice to Defendants' right to renew such challenges after a basis for supplemental jurisdiction over such claims has been confirmed.

IT IS SO ORDERED.

DATED this 11th day of May, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge