IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILLIPS SOIL PRODUCTS, INC.,
an Oregon corporation,

      Plaintiff,

v.

LESLIE DUTY HEINTZ; JUSTIN
TYME HEINTZ; and TIER 1
EXCAVATING, LLC, an Oregon
limited liability company,

      Defendants.

3:18-cv-00263-BR

JUDGMENT OF DISMISSAL

On May 11, 2018, the Court issued an Opinion and Order (#21) in which the Court granted in part Defendants' Rule 12 Motion (#15) and dismissed Plaintiff's federal RICO claim without prejudice. The Court directed Plaintiff to file no later than June 1, 2018, an amended complaint as to its federal claim.

As of this date Plaintiff has not filed an amended complaint to correct the deficiencies of its RICO claim as set out in the Court's May 11, 2018, Opinion and Order. Accordingly, the Court **DISMISSES** Plaintiff's federal claim **with prejudice**.

In its Complaint Plaintiff also alleged state-law claims for civil conspiracy, fraud, conversion, and breach of fiduciary duty and, in addition, seeks an accounting against Defendants. In

their Rule 12(b) Motion Defendants asserted the Court should decline to exercise supplemental jurisdiction over Plaintiff's pendent state-law claims if the Court dismisses Plaintiff's federal RICO claim.

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 544 U.S. 280, 289 (2005). The federal court has supplemental jurisdiction over state-law claims only when the plaintiff alleges a federal claim over which the court has original jurisdiction. 28 U.S.C. § 1367.

Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim . . . if –
>
> ` * * *
>
> (3) the district court has dismissed all claims over which it has original jurisdiction.

"The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)(citing 28 U.S.C. § 1367(c)(3)). This is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Hoeck v. City of Portland*, 57 F. 3d 781, 785 (9th Cir. 1995)(citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). The court must weigh "consideration of judicial economy, convenience and fairness to the litigants; if these are not present a federal court should hesitate to exercise

jurisdiction over state claims." *Id.* (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

"[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997)(*en banc*)(quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7)). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). *See also Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").

Nevertheless, "[t]hat state law claims should be dismissed if federal claims are dismissed before trial, as *Gibbs* instructs, 383 U.S. at 726, has never meant that they *must* be dismissed." *Acri*, 114 F.3d at 1000 (emphasis added).

In *Acri v. Varian Assocs., Inc.*, the plaintiff initially filed his claims for age discrimination under both federal and state law in the state court. The defendant removed the case to federal court based on the plaintiff's federal claim. The district court granted summary judgment in favor of the defendant on all claims, but the plaintiff appealed only the dismissal of his state-law claims. In the district court neither party

3 - JUDGMENT OF DISMISSAL

questioned whether supplemental jurisdiction over the state-law claims should be declined. On appeal the Ninth Circuit concluded it was not required to *sua sponte* decide whether the district court abused its discretion in exercising supplemental jurisdiction over state-law claims when the issue had not been raise in the district court. The Ninth Circuit stated:

> Having said that, we emphasize that actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) [of 28 U.S.C. 1367] is implicated is a responsibility that district courts are duty-bound to take seriously. The Supreme Court has stated, and we have often repeated, that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n. 7. While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values "of economy, convenience, fairness, and comity." See, *e.g., Allen*, 92 F.3d at 846; *Executive Software N. Am. v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir.1994). Given the importance of these values in our federal system, the proper administration of justice is far better served by a deliberative decision than by default.

114 F.3d at 1001.

In his dissent Judge O'Scannlain stated:

> Our judicial branch should be particularly sensitive to the impacts of its decisions on state legal systems. While federal courts may be obliged to speak on questions of state law in certain circumstances, we should always be mindful that, absent a strong justification, state law claims belong in state courts.
>
> * * *
>
> The Supreme Court has instructed that the exercise of supplemental jurisdiction should be rare when all federal claims have been dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27

4 - JUDGMENT OF DISMISSAL

> (1966). The *Gibbs* admonition is particularly pertinent here where a federal court without diversity jurisdiction is being asked to decide claims based wholly and exclusively on state law, having dismissed the federal cause of action by summary judgment. State courts are the proper fora for those claims, and the federal courts should stay out of the fray unless there is a reason for them to jump in–that is, unless "values of judicial economy, convenience, fairness, and comity" would be served thereby. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

114 F.3d at 1001–02.

Here issues of comity weigh in favor of dismissing the case inasmuch as the state-law claims are based exclusively on state law and state courts are the proper forum for resolution of such disputes. This matter was filed in February 2018, and Defendants filed their Motion to Dismiss in March 2018. Defendants have not answered Plaintiff's Complaint on the merits, and the parties have not engaged in discovery.

The Court concludes on this record that issues of judicial economy, convenience, fairness, and comity will be served by allowing the parties to proceed in the state forum for resolution of the remaining state-law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and **DISMISSES** this case in its entirety.

IT IS SO ORDERED.

DATED this 12th day of June, 2018.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge